**LU QIANG LIN, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

No. 07–4183–ag.

United States Court of Appeals, Second Circuit.

July 7, 2009.

Steven A. Mundie, Baron, Mundie & Shelkin, P.C., New York, New York, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; M. Jocelyn Lopez Wright, Assistant Director; Carol Federighi, Senior Litigation Counsel, Office of Immigra-

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Acting Attorney General Peter D. Keisler as respondent in this case.

tion Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, WALKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Lu Qiang Lin, a native and citizen of the People's Republic of China, seeks review of an August 31, 2007 order of the BIA denying his motion to reopen. *In re Lu Qiang Lin*, No. A073 189 038 (B.I.A. Aug. 31, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Lin's untimely motion to reopen.

Lin argues that the BIA erred in finding that he failed to demonstrate his *prima facie* eligibility for relief. However, we have previously reviewed the BIA's consideration of similar evidence and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or a reasonable possibility of persecution. *See id.* at 169–73 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must

consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

Similarly, Lin's arguments related to the filing of a successive asylum application, including his equal protection and United Nations Protocol arguments, are without merit. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).